**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x

In re:                                                                                           **Case No.: 1-21-41852-jmm**

NASSAU BREWING COMPANY LANDLORD LLC,                                  Chapter 11

                        Debtor.
------------------------------------------------------------------------x
APS ELECTRIC INC.,

                        Plaintiff,

                                                                 Adv. Pro. No.: 1-23-_____

      -against-

NASSAU BREWING COMPANY LANDLORD LLC,
KLONDIKE CONSTRUCTION CORP., and MARIO
NEZIRI,

                        Defendants.
------------------------------------------------------------------------x

      Plaintiff APS Electric Inc. (hereinafter "APS" or "Plaintiff") by its attorneys, Milman Labuda Law Group PLLC, brings the following complaint against Debtor Nassau Brewing Company Landlord LLC (hereinafter "Debtor" or the "Landlord"), Klondike Construction Corp. (hereinafter "Klondike" or the "General Contractor"), and Mario Neziri (hereinafter "Neziri") (Debtor, Klondike, and Neziri collectively hereinafter the "Defendants") in the above-captioned Chapter 11 case. The allegations of the Complaint are based on the knowledge of Plaintiff, its records, and upon information and belief, as well as a review of publicly available information.

### NATURE OF ACTION

1. This is an action seeking, *inter alia*, damages for breach of contract, related claims, as well as foreclosure of a mechanic's lien affecting real property of the Debtor. This action arises out of the failure of Klondike to pay APS pursuant to a written contract, for materials and services furnished for the improvement of the aforesaid real property owned by the Debtor.

2. The real property is located at 945 Bergen Street, Brooklyn, NY 11238-3302, also known as County of Kings, Block 1142, Lots: 1201 & 1202 (the "Premises").

3. APS is entitled to an award of damages in the amount of at least $157,681.98 for work performed and materials provided at the request of and for the benefit of Debtor, as well as other associated damages and equitable relief arising therefrom.

## PARTIES

4. At all times hereinafter stated, APS was and still is a domestic business corporation, duly incorporated and existing under the laws of the State of New York, doing business and authorized to do business in the State of New York, with its principal place of business at 3636 33rd Street, Suite 205, Long Island City, NY 11106.

5. At all times hereinafter stated, Debtor was and still is a domestic limited liability company, duly organized and existing under the laws of the State of New York and doing business in the State of New York with a principal place of business at 945 Bergen Street, Brooklyn, NY 11238-3302.

6. At all times hereinafter stated, Klondike was and still is a domestic business corporation, duly incorporated and existing under the laws of the State of New York, doing business and authorized to do business in the State of New York, with its principal place of business at 1115 Avenue Z, Brooklyn, NY 11235-5107.

7. Upon information and belief, Neziri is a natural person residing in the State of New York, specifically at 1115 Avenue Z, Brooklyn, NY 11235-5107.

## STATEMENT OF FACTS

I. **The Project**

8. Upon information and belief, Debtor is the owner of the Premises.

9. The Premises was a construction project for which APS was sub-contracted by Klondike to perform electrical work therein.

10. Upon information and belief, Debtor intended on developing the Premises into a condominium building.

11. Debtor engaged Klondike to perform the construction work and, in turn, Klondike engaged APS to perform the electrical work.

12. The parties entered into an AIA agreement entitled "Standard Form of Agreement Between Contractor" embodying their understanding (hereinafter the "Agreement").

13. The Agreement identified Klondike as the general contractor and Debtor as the owner.

14. The Agreement set forth a scope of the APS's services at Article 8.

15. The Agreement set forth the terms of compensation to be paid to APS.

16. APS performed services pursuant to the Agreement.

17. APS submitted Application 1 through 11 for payments in the amounts of $45,000.00 each for the first three applications, $70,000.00 for the fourth application, $75,000.00 for the fifth application, $55,000.00 for the sixth application, $50,000.00 for the eighth application, $69,395.00 for the ninth application, $131,467.50 for the tenth application, and $141,970.00 for the eleventh application, all of which was submitted to Klondike, and which Klondike paid.

18. APS also submitted Application 12 for payment in the amount of $157,681.98 on or about March 29, 2021.

19. Upon information and belief, Debtor then terminated Klondike and allegedly failed to pay it for the services Klondike rendered to Debtor.

20. As a result, Klondike refused to pay APS.

21. Debtor, by and through Klondike, directed and acquiesced to APS perform the services set forth in the Agreement.

22. Klondike directed and acquiesced to APS perform the services set forth in the Agreement.

23. Neither Debtor nor Klondike has remitted payment to APS on Application 12.

24. Debtor has an outstanding balance owed to APS in the amount of $157,681.98.

**II. The Mechanic's Lien**

25. On or about May 11, 2021, APS filed with the Clerk of the County of New York, a notice of mechanic's lien pursuant to and in accordance with the Lien Law of the State of New York, in due form, claiming that the sum of $157,681.98 is due and owing from Debtor for labor and materials supplied at the Premises ("Lien No. 98102"). See ECF Claim No. 11-1.

26. Lien No. 98102 was filed within eight (8) months after the last item of work and/or materials was furnished.

27. Pursuant to New York Lien Law §§ 11 and 11-b, APS served a copy of the lien upon Debtor.

28. Lien No. 98102 was timely extended on or about April 29, 2022 through April 29, 2023.

29. APS therefore timely pursues a cause of action to foreclose on the mechanic's lien with related relief.

**AS AND FOR A FIRST CAUSE OF ACTION**
*Breach of Contract*

30. Plaintiff repeats and realleges the allegations contained within Paragraphs 1 through 30 as if fully set forth herein.

31. Upon information and belief, the Debtor and Klondike entered into a general contractor agreement whereby Klondike agreed to provide general contractor services, including all labor and materials necessary for the construction project (the "Project") to be performed at the Premises.

32. As a result of that general contractor services agreement, Klondike entered into an agreement with APS to provide electrical contracting services, whereby APS agreed to furnish service, labor, materials, and supplies necessary for the installation and provision of electricity at the Premises.

33. In working under that agreement, APS performed the services and furnished the material and supplies for and to Klondike and Debtor at the Premises.

34. The materials and labor furnished by APS were furnished with the knowledge and consent of Klondike, and at the request of the Debtor.

35. As per the agreement, APS was owed a remaining balance of $157,681.98, which consists of the fair, reasonable, and agreed-to value of the labor and materials provided by APS pursuant to the Agreement.

36. The Agreement was a binding agreement by and between APS and Klondike.

37. The Debtor was a third-party beneficiary under the Agreement.

38. The Agreement was supported by valuable consideration.

39. APS fully performed its obligations under the Agreement.

40. By failing to pay the sums due and owing under the Agreement, Debtor and Klondike intentionally breached the Agreement thereby relieving APS from any further obligations under the Agreement.

41. As a result of the breach, despite APS's full performance under the Agreement, APS has sustained damages, which include, but are not limited to, the amount of $157,681.98, plus interest thereon from the date of the breach as well as any consequential and incidental damages.

42. Accordingly, Debtor and Klondike are each jointly and severally liable for breach of contract plus interests and costs.

## AS AND FOR A SECOND CAUSE OF ACTION
*Account Stated*

43. Plaintiff repeats and realleges the allegations contained within Paragraphs 1 through 30 as if fully set forth herein.

44. Between in or about September 2016 and March 2021, at the request of Defendants, Plaintiff performed certain work, labor, and services.

45. Defendants requested that Plaintiff advance and lay out various sums of money for the account and benefit of Defendants, which sums Defendants promised and agreed to repay.

46. Statements of account were made by Plaintiff to Defendants for the work, labor, and services, and for money advanced on behalf of Defendants, and no objection was made by Defendants to such statements of account.

47. Defendants are indebted to Plaintiff in the total amount of the account stated and unpaid, amounting to $157,681.98, plus interest, which Defendants duly promised and agreed to pay.

48. Plaintiff has demanded payment from Defendants, but Defendants have failed to pay same, in whole or in part.

49. By reason of the foregoing, Defendants are indebted to Plaintiff in the sum of $20,854.39.

## AS AND FOR A THIRD CAUSE OF ACTION
*Unjust Enrichment (pled in the alternative)*

50. Plaintiff repeats and realleges the allegations contained within Paragraphs 1 through 43 as if fully set forth herein.

51. To the extent Debtor and/or Klondike contend there are no enforceable contracts or agreements, then – as a result of the conduct described above – Debtor and/or Klondike have been unjustly enriched at the expense of APS.

52. There is no adequate remedy at law.

53. The circumstances are such that equity and good conscience require Debtor to make restitution in the amount of $157,681.98 plus interest, costs and attorney's fees thereon.

### AS AND FOR A FOURTH CAUSE OF ACTION
*Foreclosure of Mechanic's Lien*

54. Plaintiff repeats and realleges the allegations contained within Paragraphs 1 through 47 as if fully set forth herein.

55. The lien was duly and timely filed and served, in both form and substance, as required by New York Lien Law.

56. Neither the lien nor APS' claims asserted therein have been waived or discharged, in whole or in part, and no proceedings have heretofore been instituted for the foreclosure or enforcement thereof or for the recovery of the amount due APS for any part thereof.

57. By reason of the foregoing, APS has acquired a good, valid, and subsisting lien against the Premises, and demands judgment against Debtor in the sum of $157,681.98, plus interest thereon.

### AS AND FOR A FIFTH CAUSE OF ACTION
*Quantum Meruit (pled in the alternative)*

58. Plaintiff repeats and realleges the allegations contained within Paragraphs 1 through 51 as if fully set forth herein.

59. APS performed services for Debtor as set forth above and in good faith for which Debtor accepted.

60. APS reasonably expected it would be compensated by Debtor and/or Klondike for its services.

61. APS' reasonable value for its services is $157,681.98.

62. Debtor and/or Klondike has, without right, justification, or color of law, failed and refused to pay for all services rendered by APS.

63. APS is entitled to the reasonable value of the work performed by it and on behalf of Debtor and/or Klondike.

64. As a result of the foregoing, APS has been injured.

### AS AND FOR A SIXTH CAUSE OF ACTION
*Promissory estoppel (pled in the alternative)*

65. Plaintiff repeats and realleges the allegations contained within Paragraphs 1 through 58 if fully set forth herein.

66. APS provided Debtor and Klondike with estimates setting forth the anticipated costs to perform changes required by Debtor or unforeseen circumstances that would be encompassed in change orders.

67. Debtor and Klondike requested and directed APS to perform services that required a change order.

68. Debtor and Klondike agreed promised to pay for the services performed by APS relating to the change orders.

69. APS reasonably relied upon the promises of Debtor and Klondike to pay as a material inducement to provide said services at the Project based on both their promise to pay and prior payments made, which further induced APS to perform.

70. APS provided said services at the Project.

71. Debtor and Klondike refused to pay for said services provided at the Project by APS despite demand being made.

72. APS reasonably relied upon the promises of Debtor and Klondike to pay for the services at the Project to its detriment.

73. APS has been damaged in the amount of $157,681.98.

74. By reason of the foregoing, APS has been damaged in an amount to be determined at trial, but in no event less than $157,681.98, plus attorneys' fees, prejudgment interest, post-judgment interest and costs.

## TRIAL BY JURY IS DEMANDED

**WHEREFORE,** Plaintiff respectfully requests this Court for judgment:

a. on its First Cause of Action, awarding damages to Plaintiff in the amount of $157,681.98, plus interest thereon, together with the costs, attorney's and disbursements of this action;

b. On its Second Cause of Action, awarding damages to Plaintiff in the amount of $157,681.98, plus interest thereon, together with the costs, attorney's and disbursements of this action;

c. on its Third Cause of Action, awarding damages to APS in an amount of $157,681.98, plus interest thereon, together with the costs, attorney's fees and disbursements of this action;

d. on its Fourth Cause of Action, a determination by the Court:

(i) of the validity, extent and priority of each and all of the liens and claims which may have been asserted herein;

(ii) that Plaintiff, by filing and causing the docketing of the Lien, acquired a good and valid lien against the Premises, in the amount of $157,681.98.

(iii) adjudging and determining the equities of all parties to this action and determining the validity, extent and priority of each and all of the liens and claims which may be presented and asserted herein;

(iv) adjudging that any other lienors and all persons claiming by, through or under them be forever foreclosed of all equity of redemption or other lien, claim or interest in the Premises;

(v) that the Premises described be sold, as provided by law, and that out of the proceeds of such sale, Plaintiff be paid the amount of its lien and interest, with the expenses of the sale and the costs and disbursements of this action; and

e. on its Fifth Cause of Action, awarding damages to APS in the amount of $157,681.98, plus interest thereon, together with the costs, attorney's fees and disbursements of this action;

f. on its Sixth Cause of Action, awarding damages to APS in the amount of $157,681.98, plus interest thereon, together with the costs, attorney's fees and disbursements of this action

g. granting such other and further relief as this Court may deem just, proper, and equitable.

Dated:  Lake Success, New York
       June 13, 2023                     Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

By:   /s/
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Plaintiff*
*APS Electric Inc.*