STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
| | |
|---|---|
| In re: | Chapter 11 |
| NASSAU BREWING COMPANY LANDLORD LLC, | Case No. 21-41852-JMM |
| Debtor. | |

-------------------------------------------------------------------x

| | |
|---|---|
| APS ELECTRIC INC., | Adversary Proceeding No. 23-01049-JMM |
| Plaintiff, | |
| – against – | |
| NASSAU BREWING COMPANY LANDLORD LLC, KLONDIKE CONSTRUCTION CORP. and MARIO NEZIRI, | |
| Defendants. | |

-------------------------------------------------------------------x

## ANSWER TO COMPLAINT

Defendant and Debtor, Nassau Brewing Company Landlord LLC (the "Defendant"), by its attorneys, Goldberg Weprin Finkel Goldstein LLP, as and for its Answer to the Complaint filed by the plaintiff, APS Electric Inc. (the "Plaintiff"), allege as follows:

**Nature of the Action**

1. The Defendant denies each and every one of the allegations contained in paragraph "1" of the Complaint.

2. The Defendant admits the allegations contained in paragraph "2" of the Complaint.

3. The Defendant denies each and every one of the allegations contained in paragraph "3" of the Complaint.

**Parties**

4. The Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "4" of the Complaint.

5. The Defendant admits the allegations contained in paragraph "5" of the Complaint.

6. The Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in paragraphs "6" and "7" of the Complaint.

**Statement of Facts**

7. The Defendant admits the allegations contained in paragraph "8" of the Complaint.

8. The Defendant denies each and every allegation contained in paragraphs "9", "10", "11", "12", "13", "14', "15" and "16" of the Complaint, except admits that there was a construction project at the Premises for which Klondike was originally retained as general contractor, although later terminated, and that various subcontractors were retained, some pursuant to written agreement, and Defendant respectfully refers the Court to the alleged Agreement, a copy of which has not been appended to the Complaint, for a complete statement as to its terms and conditions.

9. The Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in paragraphs "17" and "18" of the Complaint.

10. The Defendant denies each and every one of the allegations contained in paragraph "19" of the Complaint, except admits that Klondike was terminated as general contractor.

11. The Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "20" of the Complaint.

12. The Defendant denies each and every one of the allegations contained in paragraphs "21", "22", "23" and "24" of the Complaint, except acknowledges that Plaintiff may have been a subcontractor retained by Klondike and demands proof in support of its claim for monies owed by the Debtor.

13. The Defendant denies each and every one of the allegations contained in paragraphs "25", "26", "27", "28" and "29" of the Complaint, except admits that Plaintiff filed papers purporting to evidence a mechanic's lien and demands proof of Plaintiff's claim for monies owed by the Debtor.

## RESPONSE TO FIRST CAUSE OF ACTION

14. Defendant repeats and realleges the allegations set forth in response to paragraphs "1" through "29" of the Complaint as though set forth at length in respond to paragraph "30" of the Complaint.

15. The Defendant denies each and every one of the allegations contained in paragraphs "31", "32", "33", "34", "35", "36", "37", "38", "39", "40", "41" and "42" of the Complaint, except acknowledges that Plaintiff may have been a subcontractor retained by Klondike; respectfully refers the Court to any Agreement which may be produced by Plaintiff which speaks for itself as to its terms and conditions; and demands proof of Plaintiff's claim for monies owed by the Debtor.

## RESPONSE TO SECOND CAUSE OF ACTION

16. Defendant repeats and realleges the allegations set forth in response to paragraphs "1" through "42" of the Complaint as though set forth at length in respond to paragraph "43" of the Complaint.

17. The Defendant denies each and every one of the allegations contained in paragraphs "44", "45", "46", "47", "48", and "49" of the Complaint, except acknowledges that Plaintiff may have been a subcontractor retained by Klondike; and demands proof of Plaintiff's claim for monies owed by the Debtor.

## RESPONSE TO THIRD CAUSE OF ACTION

18. Defendant repeats and realleges the allegations set forth in response to paragraphs "1" through "49" of the Complaint as though set forth at length in respond to paragraph "50" of the Complaint.

19. The Defendant denies each and every one of the allegations contained in paragraphs "51", "52" and "53" of the Complaint and demands proof in support of Plaintiff's claim for monies owed by the Debtor.

## RESPONSE TO FOURTH CAUSE OF ACTION

20. Defendant repeats and realleges the allegations set forth in response to paragraphs "1" through "53" of the Complaint as though set forth at length in respond to paragraph "54" of the Complaint.

21. The Defendant denies each and every one of the allegations contained in paragraphs "55", "56" and "57" of the Complaint, respectfully refers any lien documents to the Court for a determination as to their validity; and states affirmatively that by reason of prior

mortgage liens, any lien otherwise held by the Plaintiff is likely void pursuant to 11 U.S.C. §506(a).

## RESPONSE TO FIFTH CAUSE OF ACTION

22. Defendant repeats and realleges the allegations set forth in response to paragraphs "1" through "57" of the Complaint as though set forth at length in respond to paragraph "58" of the Complaint.

23. The Defendant denies each and every one of the allegations contained in paragraphs "59", "60", "61" "62", "63" and "64" of the Complaint; and demands proof of Plaintiff's claim for monies owed by the Debtor.

## RESPONSE TO SIXTH CAUSE OF ACTION

24. Defendant repeats and realleges the allegations set forth in response to paragraphs "1" through "64" of the Complaint as though set forth at length in respond to paragraph "65" of the Complaint.

25. The Defendant denies each and every one of the allegations contained in paragraphs "66", "67", "68", "69", "70", "71", "72", "73" and "74" of the Complaint; and demands proof of Plaintiff's claim for monies owed by the Debtor.

### As and For a First Affirmative Defense

26. The Complaint must be dismissed for failure to state a claim upon which relief may be granted.

### As and For a Second Affirmative Defense

27. The Premises are encumbered by pre-petition mortgage liens and DIP loans, all of which have priority over the alleged mechanic's lien asserted by the Plaintiff.

28. To the extent that the collateral is insufficient to pay the prior liens in full, the lien alleged by the Plaintiff is void and any claim is unsecured pursuant to 11 U.S.C. §506(a).

WHEREFORE, the Defendant respectfully prays that the Complaint be dismissed, and that it be granted such other and further relief as is proper.

Dated: New York, New York
       August 16, 2023

    Goldberg Weprin Finkel Goldstein LLP
    *Attorneys for Defendant*
    125 Park Avenue, 12th Floor
    New York, New York 10017
    (212) 221-5700

    By:    /s/ J. Ted Donovan