UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                                                    Chapter 11

NASSAU BREWING COMPANY LANDLORD LLC,        Case No. 1-21-41852-JMM

                                    Debtor.
------------------------------------------------------------------------x
APS ELECTRIC INC.,                                              Adv. Pro. No. 1-23-01049-JMM

                                    Plaintiff,

      -against-

NASSAU BREWING COMPANY LANDLORD LLC,
KLONDIKE CONSTRUCTION CORP., and
MARIO NEZIRI,

                                    Defendants.
------------------------------------------------------------------------x

## SO ORDERED STIPULATION OF SETTLEMENT RESOLVING PLAINTIFF'S MECHANIC'S LIEN

WHEREAS, plaintiff APS ELECTRIC INC. ("Plaintiff") commenced the instant adversary proceeding seeking, *inter alia*, damages for breach of contract, related claims, as well as foreclosure of a mechanic's lien filed with the Clerk of the County of New York on or about May 11, 2021 (the "Lien") affecting certain real property of NASSAU BREWING COMPANY LANDLORD LLC ("Debtor", and together with Plaintiff, the "Parties"); and

WHEREAS, the Parties have now reached an agreement to resolve all claims asserted in the Complaint and obtain a voluntary vacatur and termination of the Lien against Debtor in accordance with the terms hereof;

NOW, THEREFORE, it is STIPULATED AND AGREED as follows:

1.     Upon the approval of this Stipulation (the "Effective Date"), Plaintiff hereby waives, vacates and terminates the Lien in exchange for recognition of its claim by the Debtor in

the amount of $157,681.98 as an unsecured Class 4 creditor eligible to receive a pro-rata distribution under the Debtor's confirmed Plan.

2. On the Effective Date of this Stipulation, Plaintiff shall discontinue the within Adversary Proceeding with prejudice against Debtor and without prejudice against the remaining parties.

3. This Stipulation constitutes the entire agreement and understanding between the Parties with respect to the subject of this Stipulation and shall supersede all prior written and oral agreements concerning the subject matter hereof. Each Party declares and represents that no promise, inducement, or agreement not herein expressed has been made to the other Party, neither Party is relying on any matter outside of this Stipulation to enter into this Stipulation, that this Stipulation contains the entire terms of the settlement between the Parties, that each Party has had the opportunity to consult with an attorney of its choice, and that each Party has read the terms of this Stipulation, understands them, and accepts them of such Party's own free will. This Stipulation may not be amended, modified, or otherwise changed in any respect whatsoever except by a writing duly executed by the Parties, and approved by the Bankruptcy Court.

4. Following the Effective Date, the Bankruptcy Court shall retain jurisdiction to determine any disputes arising hereunder.

5. This Stipulation may be executed in one or more counterparts with pdf and/or facsimile signatures deemed to be originals, each of which shall be an original but all of which when taken together shall constitute one and the same instrument.

[Signature Page Follows]

IN WITNESS WHEREOF, the parties hereto have executed this Stipulation as of July 31, 2024.

| | |
|---|---|
| **Milman Labuda Law Group PLLC**<br>Attorneys for APR Electric Inc.<br>300 Marcus Avenue, Suite 3W8<br>Lake Success, New York 11042-1073<br><br>By: /s/ Emanuel Kataev, Esq. | **Goldberg Weprin Finkel Goldstein LLP**<br>Attorneys for Nassau Brewing Company Landlord LLC<br>125 Park Avenue, 12th Floor<br>New York, NY 10017<br><br>By: /s/ Kevin J. Nash<br>     Kevin J. Nash, Esq. |

**IT IS SO-ORDERED**